**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LAMARVIN DARDEN,** )<br>)<br>     **Petitioner,** )<br>)<br>  vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>     **Respondent.** ) | Case No. 4:10CR00538 (ERW) |

**GOVERNMENT'S RESENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Allison H. Behrens, Assistant United States Attorney for said District, and for its re-sentencing memorandum, states as follows:

**I.
PROCEDURAL HISTORY**

**A.    Underlying Conviction**

A grand jury returned a five-count second superseding indictment charging Lamarvin Darden ("Darden") with: (1) intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute hydrocodone in violation of 21 U.S.C. § 841(a)(1); (3) being a felon in possession of a 9mm semiautomatic pistol, in violation of 18 U.S.C. § 922(g)(1); (4) possessing a 9mm semiautomatic pistol while being an unlawful user of or addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3); and (5) being a violent felon in possession of body armor, in violation of 18 U.S.C. § 931(a). *United States v. Lamarvin Darden,* 4:10CR0538 (ERW), District Court Docket ("DCD"), 115, 116. Following a four-day

1

trial, the jury found Darden guilty of possession with intent to distribute cocaine base (Count I), being a felon in possession of a firearm (Count III) and being an unlawful user of a controlled substance in possession of a firearm (Count IV). The jury acquitted Darden of possession with intent to distribute hydrocodone (Count II) and being a felon in possession of body armor (Count V). DCD 136.

Following Darden's conviction, the United States Probation Office issued a presentence investigation report ("PSR"). DCD 154. The PSR found Darden to be a Career Offender under United States Sentencing Guideline § 4B1.1 with respect to Count I. PSR, ¶ 41. Darden was also an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) with respect to Count III. PSR, ¶ 41. Thus, the PSR found Darden's Total Offense Level to be 34. PSR, ¶¶ 41, 43. In addition, he had 22 total criminal history points, which resulted in a Criminal History Category VI. PSR, ¶¶ 81-84. This resulted in an applicable sentencing guideline range of 262 months to 327 months. PSR, ¶ 112.

Darden appeared before the District Court for sentencing on September 21, 2011. The Court sentenced him to below-guidelines sentence of 200 months, to be followed by a six-year term of supervised release. In addition, the Court ordered Darden to pay a special assessment of $300, $100 for each count upon which Darden was convicted. DCD 167.

**B.**     **Direct Appeal**

Darden appealed his conviction arguing: (1) the Government committed misconduct during grand jury proceedings; (2) the District Court erred in admitting testimony regarding an x-box video game console and .45 caliber pistol because it was not relevant and unfairly prejudicial; and (3) the Government's closing argument contained improper remarks that

substantially prejudiced Darden's right to a fair trial. The Eighth Circuit issued its Opinion and Judgment on August 7, 2012, affirming the judgment of this Court. *United States v. Lamarvin Darden*, 688 F.3d 382 (8th Cir. 2012).

C.      **Post-Conviction Motion**

Darden next filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In his motion, he raised the following grounds: (1) ineffective assistance of counsel because counsel failed to object to the error in the criminal information; (2) counsel was ineffective for failing to conduct a reasonable pre-trial investigation; (3) ineffective assistance of counsel because counsel failed to argue that Counts III and IV of the indictment arose out of the same act of possession of a firearm and, therefore, should have been consolidated for sentencing purposes and for calculating the special assessment; (4) prosecutorial misconduct based upon the Government's closing argument; (5) ineffective assistance of counsel for failing to object to the application of various sentencing enhancements, in violation of *Alleyne*; (6) counsel was ineffective for failing to object to the introduction of the Rule 404(b) evidence; (7) the Government improperly introduced evidence of a .45 caliber firearm, when the indictment charged a 9mm weapon; (8) ineffective assistance of counsel because counsel failed to object to evidence regarding a pawn ticket; (9) counsel was ineffective for failing to investigate whether one of Darden's prior convictions was a qualifying predicate offense for sentencing purposes; (10) Darden was improperly classified as a Career Offender; (11) *Descamps* applied to Darden's sentencing calculations; and (12) Darden requested a copy of his sentencing transcript so that he could properly attack his sentence. *Lamarvin Darden v. United States*, 4:14CV0995 (ERW).

3

The Government filed a memorandum in response to Darden's post-conviction motion. In that response, the Government opposed all of Darden's claims except one. The Government conceded Darden's third claim that he received ineffective assistance of counsel because counsel failed to argue that Counts III and IV of the indictment arose out of the same act of possession of a firearm and, therefore, should have been consolidated for sentencing purposes and for calculating the special assessment.

On February 10, 2015, the Court denied Darden's § 2255 motion on all issues except for his third claim. Relying upon *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006), the Court concluded that Darden's conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and possessing a firearm while being an unlawful user of or addicted to a controlled substance under 18 U.S.C. § 922(g)(3) should have been merged into a single conviction at sentencing and Darden's counsel was ineffective for failing to raise this issue at Darden's sentencing. The District Court noted that Darden's length of sentence was not prejudiced by the failure to merge the two convictions. However, he was improperly assessed an additional $100 special assessment as a result of the failure to merge. Therefore, the District Court reduced the amount Darden owed for the special assessment from $300 to $200.

**D.      Appeal of Post-Conviction Motion**

Darden appealed the Court's ruling on his § 2255 motion. On July 21, 2015, the Eighth Circuit granted Darden's application for certificate of appealability on the issue of "whether the district court should have merged the two firearm convictions when granting relief on Darden's claim that counsel was ineffective for failing to argue for merger of the conviction," instead of simply amending the amount owed on the special assessment. *Darden v. United States*, No.

15-1474; Court Order, July 21, 2015. The Court also appointed counsel, Matthew Diehr, to represent Darden.

Darden filed his appellate brief on November 17, 2015. Darden argued that the District Court erred in failing to formally merge the two firearms convictions into one count. Citing *Richardson, supra,* he argued "[i]n federal court, offenses should be merged to ensure that one incident of possession results in no more than one conviction for a defendant." Appellant's Brief, p. 3-4. He argued that, even though a merger of the offenses would not have increased his term of imprisonment, it nonetheless has a prejudicial effect on Darden. More specifically, Darden contended that he stood convicted of three federal crimes when in reality he should be convicted of only two. In addition, he asserted that the error may have some unforeseen additional practical consequences for Darden in the future after he completes his term of incarceration. For example, were he to be convicted in the future of being a felon in possession of a firearm, there could be an effect on future sentences. Appellant's Brief, p. 4-5.

The Government filed a response agreeing with Darden that the Court should have formally merged the two counts into one. Therefore, the Government moved the Eighth Circuit to remand the case to this Court so that the Court could enter an amended judgment reflecting that Darden was convicted on only two counts instead of three counts.

The Eighth Circuit granted the Government's motion to remand on January 26, 2016.

**E.     On Remand Before the District Court**

While the appeal of this Court's ruling on Darden's § 2255 motion was still pending, on December 7, 2015, Darden filed a *pro se* Amended Motion for post-conviction relief. In his motion, Darden argued that the recent U.S. Supreme Court decision *Johnson v. United States*, 135

U.S. 2551 (2015), which ruled that the residual clause of the ACC was unconstitutionally vague, applied to his case and affected his sentence. On December 17, 2015, the Court directed the Office of the Public Defender to evaluate Darden's *Johnson* claim. The Court ordered:

> IT IS FURTHER ORDERED that the Public Defender shall notify this Court within forty five (45) days of the date of this Memorandum and Order, whether it will be pursuing defendant's arguments under Johnson, either by filing a written notice in this action of their intent not to represent defendant, or by filing a motion to vacate, brought pursuant to 28 U.S.C. § 2255, in this Court, or a request to the Court of Appeals for leave to bring a successive § 2255 motion, as required by 28 U.S.C. Section 244(b)(3).
>
> IT IS FURTHER ORDERED that the Court shall hold this matter in abeyance for forty-five (45) days.

*Order*, December 17, 2015, Docket No. 30.

Thereafter, as stated earlier, on January 26, 2016, the Eighth Circuit granted the Government's unopposed motion to remand Darden's case to this Court for resentencing; in particular, for a sentence formally consolidating Counts III and IV of Darden's conviction.

On February 1, 2016, the Federal Public Defender requested additional time in which to review the files and records in relation to Darden's *Johnson* claim. The Court granted that motion and gave counsel until March 7, 2016.

Meanwhile, while the Court was pursuing the *Johnson* issue utilizing the Federal Public Defender's Office, on February 9, 2016, the Court issued an order on the re-sentencing issue as follows:

> The United States filed a motion to remand, agreeing the Court should have formally merged Counts III and IV into one count and asking the Court to enter an amended judgment on remand. Petitioner Lamarvin Darden responded to the motion to remand and agreed with the government's motion and also requested Mr. Darden be appointed counsel for re-sentencing.

6

> Mr. Darden shall file a brief with the Court, no later than February 23, 2016, asserting why he believes he is entitled to re-sentencing rather than entry of an amended judgment and what prejudice exists to him by entry of an amended judgment. Any response by the government shall be filed within seven days of Mr. Darden's response to this Order.

*Order*, February 9, 2016, Docket No. 35. Darden's appointed counsel requested and received two extensions of time and ultimately filed Darden's brief on March 21, 2106. The brief was filed under seal. Appointed counsel, however, provided the Government with a copy of the brief. The Government did not file a response to Diehr's brief on the "re-sentencing vs. amended judgment" issue, as the Government did not have a position on that issue.

Thereafter, on April 12, 2016, the Court appointed Patrick Kilgore to represent Darden. In that order, the Court stated:

> This matter comes before the Court on remand from the Eighth Circuit Court of Appeals which remanded the matter for further proceedings and entry of an amended judgment. Petitioner Lamarvin Darden requested Mr. Darden be appointed counsel for re-sentencing rather than entry of an amended judgment. After reviewing Mr. Darden's submission, the Court agrees he is entitled to resentencing. A sentencing hearing for United States v. Darden, No. 4:10CR538 ERW, will be held May 10, 2016, at 9:00 a.m.
>
> Mr. Darden requested his current counsel be appointed for re-sentencing. Unfortunately, Mr. Darden's counsel before the Eighth Circuit, Matthew P. Diehr, is not on the Court's Criminal Justice Act ("CJA") Attorney Panel; therefore, the Court cannot appoint him to represent Mr. Darden before the Eastern District of Missouri, The Court will appoint an attorney from the Eastern District's CJA panel.

*Order*, April 12, 2016. Docket No. 41.

Darden's resentencing was continued to June 7, 2016, by Order of the Court (Docket No. 43) and then continued again to June 30, 2016, upon motion of attorney Kilgore. (Docket No. 44, 45). From a review of the Court's docket sheet, it does not appear that the Federal Public

Defender's Office ever filed a response to the Court's December 17, 2015, order directing it to articulate whether it would be pursuing Darden's *Johnson* claim.

## III.
## PSRs

### A.  Original PSR

When the criminal case was pending, the Probation Office issued a PSR. With respect to Count I (possession with intent to distribute cocaine base), the PSR concluded that the Base Offense Level was 16 (more than one gram but less than two grams of cocaine base). As for Counts III and IV (felon in possession of a firearm/possession of a firearm by an unlawful user of a controlled substance), which were grouped, the Base Offense Level was 24, as

> defendant committed any part of the instant offenses subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (Docket No. 2103CR-5575, Possession with Intent to Distribute a Controlled Substance and Docket No. 2104CR-2313A-01, Assault on a Law Enforcement Officer with a Deadly Weapon/Dangerous Instrument) the base offense level is 24. USSG § 2K1(a)(2).

PSR, ¶ 24. One level was added for a multiple-count adjustment. PSR, ¶¶ 17-19. This resulted in a combined adjusted offense level of 25. ¶ 25.

The PSR then concluded that, with respect to Count I, Darden was a Career Offender pursuant to U.S.S.G. § 4B1.1(A) based on at least two prior convictions for crimes of violence and/or controlled substance offenses. In particular, the PSR identified Darden's convictions for Possession with Intent to Distribute a Controlled Substance and Assault on a Law Enforcement Officer with a Deadly Weapon/Dangerous Instrument. PSR, ¶ 21.

As for Count III, the PSR concluded Darden was an Armed Career Criminal under § 924(e) based on at least three prior convictions for violent felonies or serious drug offenses. In particular,

the PSR identified the predicate offenses as assault on a law enforcement second degree, burglary second degree, assault on a law enforcement officer with a deadly weapon/dangerous instrument, and assault on a law enforcement officer second degree. PSR, ¶ 21. As a result, Darden's Total Offense Level was 34. PSR, ¶ 23.

B.      **Darden's *Johnson* Claims**

In his sentencing memorandum, Darden asserted that *Johnson v. United States*, 135 S.Ct. 2551 (2015) applies to his sentence. Specifically, the sentencing memorandum provides:

> Mr. Darden has two prior convictions for assault on a law enforcement officer from 2003 and 2004. However heinous one may view such an offense, conviction for this offense encompasses conduct undertaken recklessly or even negligently, though, which bars consideration of these offenses post-*Johnson*. The charging documents for these offenses and associated documents obtained from the United States Probation Office, submitted as Exhibits A and B, fail to specify Mr. Darden's state of mind in commission of these offenses and therefore similarly do not meet the post-*Johnson* "use of force" criterial. [footnote omitted]
>
> Mr. Darden has an attempted burglary conviction in 2004 that also does not apply. *See, e.g.*, *United States v. Reid*, 769 F.3d 990, 995 (8th Cir. 2014).
>
> Absent these convictions qualifying as ACCA priors for Mr. Darden, upon information and belief his total offense level would have been 21, with a Guideline range of 77-96 months' imprisonment. By contrast, on September 21, 2011, this Court sentenced Mr. Darden to a term of two hundred months' imprisonment. Doc. 167.

Darden's Sentencing Memorandum, DCD, p. 3. Darden does not challenge his prior drug conviction or his prior conviction for second-degree burglary as predicate offenses for ACCA purposes. Darden also does not challenge his classification as a Career Offender under the sentencing guidelines.

9

**C.     PSR: Resentencing**

The Probation Office filed a PSR for resentencing stating that there was no change to the Total Offense Level computation from the original PSR and Darden remained a career offender. The PSR addressed the arguments raised by Darden in his sentencing brief:

> Specifically, the defendant claims that his prior convictions for Assault Second Degree should not be considered predicate offenses for the Armed Career Criminal enhancement. The defendant argues that he did not plead guilty to the force elements of the statute because of his Alford plea. Further, counsel asserts that a conviction for Assault Second Degree encompasses conduct undertaken recklessly or even negligently which bars consideration of the offense post-Johnson. Counsel also states the defendant has an Attempted Burglary conviction from 2004 that does not qualify as a predicate offense. (It should be noted that the Attempted Burglary First Degree conviction under Docket No. 2104R-02313A-01 was not used to enhance the defendant's sentence under ACCA or Career Offender.)

PSR – Resentencing Final, ¶ 27.

The PSR resolved Darden's arguments against him, as follows:

> 30. … On January 21, 2005, Darden was convicted of Assault Law Enforcement Officer Second Degree, RSMo 565.082.1(1), under Docket No. 2103CR-5575. According to RSMo 565.082.1(1), "A person commits the crime of assault of a law enforcement officer or emergency personnel in the second degree if such person knowingly causes or attempts to cause physical injury to a law enforcement officer or emergency personnel by means of a deadly weapon or dangerous instrument." According to court records, on August 6, 2003, the defendant attempted to cause physical injury to a law enforcement officer, and the defendant knew he was a law enforcement officer, by means of a dangerous instrument to wit: a motor vehicle. Thus, this offense is a violent felony under 18 U.S.C. § 924(e) as it has as an element the use, attempted use, or threatened use of physical force against the person of another. Further, under this docket the defendant was convicted of Possession with Intent to Distribute a Controlled Substance, a serious drug offense.
>
> 31. On January 21, 2005, the defendant was convicted of Burglary Second Degree under Docket No. 2104CR-01256-01. According to court records, on July 30, 2003, the defendant knowingly entered unlawfully an

inhabitable structure, located at 4545 Lindbergh Boulevard in room 619, and possessed by the victim, for the purpose of committing stealing therein. An offense constitutes burglary under 18 U.S.C. § 924(e) if, regardless of its exact definition or label, it has the basic elements of a generic burglary – i.e., an unlawful or unprivileged entry into, or remaining in, a <u>building or other structure</u> with intent to commit a crime. <u>Taylor,</u> 110 S.Ct. at 2158. Missouri Revised Statute § 569.170 states that "a person commits the crime of burglary in the second degree when he enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Inhabitable structure does not include the entry into any automobile. Pursuant to RSMo § 569.010(2): "'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure: (a) Where any person lives or carries on business or other calling; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or (c) Which is used for overnight accommodation of persons. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present." Further, in <u>U.S. v. Sykes</u>, No. 14-3139 (8th Cir. 2016), the Court concluded that the defendant's prior Missouri convictions for Burglary Second Degree fit within the generic definition of "burglary" for purposes of the ACCA and each constituted a violent felony under 18 U.S.C. § 924(e). Therefore, Darden's conviction for Burglary Second Degree is a violent felony under the enumerated clause of the Armed Career Criminal Act.

32. With regard to the defendant's other convictions for Assault Second Degree, on January 21, 2005, Darden was convicted of two counts of Assault Law Enforcement Officer Second Degree, RSMo 565.082(a), under Docket No. 2104CR-02313A-01. According to court records, on February 25, 2004, the defendant attempted to cause physical injury to a law enforcement officer by means of a dangerous instrument. On March 14, 2005, the defendant was convicted of two counts of Assault Law Enforcement Officer Second Degree, RSMo 565.082.1(1), under Docket No. 22041-00659-01. In this case, on February 25, 2004, M.C. was a law enforcement officer, the defendant knew M.C. was a law enforcement officer, and attempted to cause physical injury to him by means of a dangerous instrument; and on February 25, 2004, S.B. was a law enforcement officer, the defendant knew S.B. was a law enforcement officer, and attempted to cause physical injury to her by means of a dangerous instrument. Thus, these offenses are violent felonies under 18 U.S.C. § 924(e) as they have as an element the use, attempted use, or threatened use of physical force against the person of another.

PSR – Resentencing Final, ¶¶ 30-32.

With respect to Count I (possession with intent to distribute cocaine base), the Base Offense Level was amended from the original PSR level of 16 to 12. PSR, ¶ 35. As for Count III (felon in possession of a firearm), the Base Offense Level remained 24. PSR, ¶ 41. There was no multiple-count adjustment. PSR, ¶¶ 47, 49. Thus, the Combined Adjusted Offense Level was 24. PSR, ¶ 50.

The PSR concluded that Petitioner remained a career offender on Count I. PSR, ¶ 51. He also remained an Armed Career Criminal on Count III. PSR, ¶ 52. Thus, his Total Offense Level became 34. PSR, ¶ 54. Based upon a Total Offense Level 34 and Criminal History Category VI, the advisory guideline range is 262 to 327 months. PSR, p. 20.

## IV.
## ANALYSIS

For the reasons set forth below, the Government respectfully requests that this Court deny Darden's *Johnson* claims. Darden's classification as an ACC on Count III is based upon the "enumerated offenses" clause and the "elements/use of force" clause of the ACCA and not the "residual" clause. As a result, the Supreme Court's recent decision *Johnson v. United States*, 135 S.Ct. 1551 (2015) has no application to Petitioner's case. Therefore, the Government requests that the Court deny Darden's *Johnson* claims and enter an amended judgment consistent with the issues raised on remand regarding a formal consolidation of Counts III and IV.

**A.**   *Johnson v. United States*

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e). There are three "clauses" in the statute defining what type

of prior crime qualifies as a "violent felony." The ACCA's three clauses are: (1) the "elements" or "use of force" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another"; (2) the "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives"; and (3) the "residual clause": "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that imposing an increased sentence under ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," violates the Due Process Clause because the residual clause is impermissibly vague on its face. *Johnson*, 135 S.Ct. at 2556. The Court found that the inability of its own cases to develop a "principled and objective standard" demonstrated the residual clause's "hopeless indeterminancy." *Id*. at 2558. The Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. As such, the Court held that the residual clause is "vague in all its applications." *Id*. at 2561.

Certainly, the new rule of constitutional law announced in *Johnson* is retroactive in all ACCA cases. *United States v. Welch*, 2016 WL 1551144 (U.S. Apr. 18, 2016). Critical to the present case, however, is the Supreme Court's explicit statement that its decision in *Johnson* "does not call into question application of the [ACCA] to *** the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C.

13

§ 924(e)(2)(B)(ii)." *Johnson*, 135 S.Ct. at 2563. Neither the "elements/use of force" clause nor the "enumerated offenses" clause was rendered unconstitutional by *Johnson* and, in fact, they explicitly remain intact.

**B.     Darden's Prior Convictions**

    1.     Serious Drug Offense

Petitioner was convicted in St. Louis County Circuit Court, Cause No. 2103CR-5575, of "Possession with Intent to Distribute a Controlled Substance." Darden does not dispute that this constitutes a serious drug offense under 18 U.S.C. § 924(e). It is also indisputable that *Johnson* has absolutely no bearing on prior drug convictions. Thus, this conviction counts as one of the three required offenses for ACC classification.

    2.     Burglary Second Degree

Petitioner was convicted in St. Louis County Circuit Court, Cause No. 2104CR-01256-01, of "Burglary Second Degree." The PSR states that, according to court records, "on July 30, 2003, the defendant knowingly entered unlawfully in an inhabitable structure, located at 4545 Lindbergh Boulevard in room 619, and possessed by the victim, for the purpose of stealing therein." PSR-Resentencing, ¶ 64.

Solely for purposes of this case, and without conceding any argument the Government may have to continue to assert that this conviction is a violent felony post-*Mathis*, the Government will assume for the sake of argument that this conviction constitutes a violent felony for ACCA purposes. Regardless, because Petitioner has three or more other violent felony convictions, whether Petitioner's second-degree burglary conviction constitutes a violent felony is a non-issue.

14

### 3. Assault Law Enforcement Officer Second Degree

Darden was convicted in the St. Louis County Circuit Court of "Assault Law Enforcement Officer Second Degree," RSMo 565.082.1(1), under Docket No. 2103CR-5575. The PSR states that "on August 6, 2003, the defendant attempted to cause physical injury to a law enforcement officer, and the defendant knew he was a law enforcement officer, by means of a dangerous instrument to wit: a motor vehicle." PSR, ¶ 63.

Darden was convicted in the St. Louis County Circuit Court on two counts of "Assault Law Enforcement Officer Second Degree," RSMo 565.082.1(1), under Docket No. 2104CR-2313A-01. The PSR states that, according to court records, at two separate and distinct times on February 25, 2004, "the defendant attempted to cause physical injury to a law enforcement officer by means of a dangerous instrument." PSR, ¶ 66.

Darden was convicted in the St. Louis County Circuit Court on two counts of "Assault Law Enforcement Officer Second Degree," RSMo 565.082.1(1), under Docket No. 22041-00659-01. The PSR states that "[a]ccording to Court records, on February 25, 2004, M.C. was a law enforcement officer, the defendant knew M.C. was a law enforcement officer, and attempted to cause physical injury to him by means of a dangerous instrument; on February 25, 2004, S.B. was a law enforcement officer, the defendant knew S.B. was a law enforcement officer, and attempted to cause physical injury to her by means of a dangerous instrument." PSR, ¶ 67.

Under Missouri law, second-degree assault on a law enforcement officer is committed when a person "knowingly causes or attempts to cause physical injury to a law enforcement officer …by means of a deadly weapon or dangerous instrument[.]" § 565.082.1(2), RSMo. A "dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is

15

used, is readily capable of causing death or other serious physical injury." § 556.061(9), RSMo. "Serious physical injury" is defined as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(28), RSMo. A dangerous instrument is not intended to be a weapon and may have a normal purpose in ordinary circumstances. *State v. Williams*, 126 S.W.3d 377, 384 (Mo. Banc 2004).

The "elements/use of force" clause of the ACC provides that a violent felony is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(i). Clearly, the crime of "Assault on Law Enforcement Officer Second Degree" meets this definition as the crime requires a defendant knowingly to cause or attempt to cause physical injury with an instrument that is readily capable of causing death or other serious physical injury. *See United States v. Alexander*, 809 F.3d 1029, 1032-33 (8th Cir. 2016) (conviction under § 565.060.1(2) qualified as a violent felony under the ACCA where the charging instrument stated "defendant knowingly attempted to cause physical injury to [victim] by means of a dangerous instrument."). *See also United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016) (Arkansas second degree battery is a violent felony, post-*Johnson*, as a person commits that crime, if he "intentionally or knowingly, without legal justification, causes physical injury to one he knows to be" within a specified, protected class of persons).

Each of Darden's *five* Missouri convictions for "assault on law enforcement officer second degree" is a violent felony under the "elements/use of force" of the ACCA. That clause was unaffected by *Johnson*. Therefore, in addition to Darden's previous serious drug offense conviction, Darden has the necessary convictions to qualify him as an ACC.

## IV.
## CONCLUSION

For the reasons set forth above, the Government respectfully requests that this Honorable Court: (1) deny Darden's claims made pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015); (2) formally consolidate Counts III and IV in an amended judgment; and (3) maintain the Court's original 300-month sentence imposed on September 11, 2011.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/Allison H. Behrens*
Allison H. Behrens, #38482MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served by way of this Court's Electronic Notification System this   28th   day of July, 2016, upon all counsel of record.

*s/Allison H. Behrens*
ALLISON H. BEHRENS, #38482MO